United States District Court

For the Northern District of California

1

2

3                    UNITED STATES DISTRICT COURT

4                   NORTHERN DISTRICT OF CALIFORNIA

5                          EUREKA DIVISION

6

7   EDWARD LEITE,

8                   Petitioner,              No. C 15-4480 NJV (PR)

9      vs.                                   **ORDER DISMISSING CASE
                                             AND DENYING A**
10  WARDEN,                                  **CERTIFICATE OF
                                             APPEALABILITY**
11                  Respondent.
                                        /
12

13        Petitioner proceeds with a pro se petition for a writ of habeas corpus pursuant to 28

14  U.S.C. § 2254.  On November 23, 2015, the court ordered petitioner to show cause why the

15  case should not be dismissed as unexhausted.  (Doc. 12.)  Petitioner has not filed a

16  response.

17                              **DISCUSSION**

18  **A.    Standard of Review**

19        This court may entertain a petition for writ of habeas corpus "in behalf of a person in

20  custody pursuant to the judgment of a State court only on the ground that he is in custody

21  in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §

22  2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).  Habeas corpus petitions must meet

23  heightened pleading requirements.  *McFarland v. Scott,* 512 U.S. 849, 856 (1994).  An

24  application for a federal writ of habeas corpus filed by a prisoner who is in state custody

25  pursuant to a judgment of a state court must "specify all the grounds for relief available to

26  the petitioner ... [and] state the facts supporting each ground."  Rule 2(c) of the Rules

27  Governing § 2254 Cases, 28 U.S.C. foll. § 2254.  "'[N]otice' pleading is not sufficient, for the

28  petition is expected to state facts that point to a 'real possibility of constitutional error.'"

United States District Court

For the Northern District of California

1  Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir.

2  1970)).   "Habeas petitions which appear on their face to be legally insufficient are subject

3  to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102,

4  1108 (9th Cir. 1996) (Schroeder, J., concurring).

5  **B.      Analysis**

6      Before he may challenge either the fact or length of his confinement in a habeas

7  petition in this court, petitioner must present to the California Supreme Court any claims he

8  wishes to raise in this court. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982) (holding every

9  claim raised in federal habeas petition must be exhausted).   The general rule is that a

10  federal district court must dismiss a federal habeas petition containing any claim as to

11  which state remedies have not been exhausted. *Id.*

12      A fully unexhausted federal habeas petition may not be stayed and must be

13  dismissed. *See, e.g., Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding

14  that a fully unexhausted petition may not be stayed and observing: "Once a district court

15  determines that a habeas petition contains only unexhausted claims, it need not inquire

16  further as to the petitioner's intentions.   Instead, it may simply dismiss the habeas petition

17  for failure to exhaust."); *Jones v. McDaniel*, 320 Fed. Appx. 784, 786 (9th Cir.2009)

18  (affirming the dismissal of a fully unexhausted petition and denial of a stay, because a

19  "*Rhines* stay is only available for a mixed habeas petition where at least some of the claims

20  have been exhausted, and none of [petitioner's] claims were exhausted").

21      It appeared that petitioner had presented a fully unexhausted petition.   Petitioner

22  was provided an opportunity to demonstrate that the claims had been exhausted or to file

23  an amended petition raising exhausted claims.   Petitioner has not filed a response or

24  otherwise communicated with the court.

25                              **CONCLUSION**

26      The petition is **DISMISSED** without prejudice.   Because reasonable jurists would not

27  find the result here debatable, a certificate of appealability ("COA") is **DENIED**. *See Slack*

28  *v. McDaniel*, 529 U.S. 473, 484-85 (2000) (standard for COA).   The clerk shall close the

2

file.

**IT IS SO ORDERED.**

Dated: December 18, 2015.

NANDOR J. VADAS
United States Magistrate Judge

**United States District Court**
For the Northern District of California

3